UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

1   GRACE GONZALEZ GARCIA, et al.,

2
        Plaintiffs,
3                                           Civil No. 98-1894 (JAF)

4       v.

5   PUERTO RICO POWER AUTHORITY,
    et al.,
6
7       Defendants.

8   ----------------------------------------

9
                    **OPINION AND ORDER**
10

11       Plaintiffs, Grace González García, her husband, Jorge Bracero

12  Landrón, and their conjugal partnership, filed this suit against

13  Plaintiff González García's former employer, Puerto Rico Power

14  Authority ("PRPA"), and its president, Miguel A. Cordero. Docket

15  Document No. 1. Plaintiffs allege violations of the Americans with

16
17  Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-213 (1994 & Supp. I

18  2001), the Age Discrimination in Employment Act of 1967("ADEA"), 29

19  U.S.C. §§ 621-634 (1994 & Supp. I 2001), Puerto Rico Law No. 100, 29

20  L.P.R.A. §§ 146-151 (1995 & Supp. I 1998), Puerto Rico Law No. 44, 1

21
22  L.P.R.A. §§ 501-511 (1999), and 42 U.S.C. § 1983 (1994 & Supp. I

23  2001). Docket Document No. 1. On March 6, 2000, this court endorsed

24  a voluntary dismissal of Plaintiffs' ADA and ADEA claims against

25  Defendants. Docket Document No. 30. Defendants PRPA and Cordero move

26

Civil No. 98-1894 (JAF)                                                    -2-

to dismiss Plaintiffs' remaining causes of action. <u>Docket Document</u>

<u>Nos. 7, 23</u>.

## I.

### Factual and Procedural Synopsis

We derive the following factual summary from Plaintiffs'

complaint. <u>Docket Document No. 1</u>.

Defendant PRPA is a public corporation and an instrumentality of

the commonwealth of Puerto Rico.  Miguel A. Cordero is the president

of PRPA.   Plaintiffs' González García and Bracero Landrón are

residents of Puerto Rico.   Plaintiff González García is affiliated

with the Partido Popular Democrático and Defendant Cordero is

associated with the Partido Nuevo Progresista.

In February 1984, Plaintiff González García began working in the

Human Resources Department of PRPA.  Plaintiff González García worked

as a permanent employee of PRPA for approximately thirteen years. For

approximately five years, Plaintiff González García was the Supervisor

of the Evaluation Department in the Human Resources Department of

PRPA.

Plaintiffs allege that when Defendant Cordero was appointed as

president of PRPA, he began a campaign to rid the PRPA of employees

associated with the Partido Popular Democrático.  He replaced these

employees with those affiliated with the Partido Nuevo Progresista.

Civil No. 98-1894 (JAF)                                              -3-

According to Plaintiff González García, the political discrimination against her took many forms.

On July 18, 1993, Plaintiff González García was transferred to the Office of Health and Occupational Security to work as a secretary. She contends that she was demoted without any explanation, even though her previous position had not been eliminated.  Following her transfer, Plaintiff González García filed an official complaint. Plaintiffs allege that Defendant PRPA's administrative grievance system was biased, futile, and violated agency policy and due process. Plaintiffs also assert that no action was taken in response to Plaintiff González García's grievance.

Plaintiffs claim that Defendants PRPA and Cordero continued to transfer Plaintiff González García to various other positions, without notice, explanation or training.

Plaintiff alleges that these transfers were in retaliation for her filing a grievance.  The purported retaliation caused Plaintiff González García stress, anxiety, and uncertainty as to the security of her job.  She claims that she was unable to obtain information regarding her frequent job changes, despite her requests.  Plaintiff González García further alleges that she was subject to unreasonable work quotas due to her political affiliation.  She also asserts that

AO 72
(Rev 8/82)

Civil No. 98-1894 (JAF)                                              -4-

she and other employees affiliated with the Partido Popular
Democrático fell victim to derogatory, harassing remarks.

Plaintiff González García took a leave of absence due to an
injury on July 24, 1997. <u>Docket Document No. 29</u>. She submitted a
letter of resignation on March 24, 1998. Her resignation became
effective on March 31, 1998. <u>Id</u>.

Plaintiffs González García and Bracero Landrón filed the present
action on August 4, 1998. <u>Docket Document No. 1</u>. In the complaint,
Plaintiff González García alleged that Defendants discriminated
against her based on her disability in violation of the ADA.
Plaintiff González García also claimed that Defendants PRPA and
Cordero discriminated against her based on her age, in violation of
the ADEA. On March 6, 2000, Plaintiffs moved for a voluntary
dismissal with regard to these causes of actions. <u>Docket Document
No. 30</u>.

Plaintiffs assert that Defendants PRPA and Cordero discriminated
against Plaintiff González García based on her political beliefs and
affiliation, in violation of 42 U.S.C. § 1983.

On May 21, 1999, Defendant Cordero filed a motion to dismiss.
<u>Docket Document No. 7</u>. On January 7, 2000, Defendants Cordero and
PRPA filed an additional motion to dismiss. <u>Docket Document No. 23</u>

Civil No. 98-1894 (JAF)                                                    -5-

## II.

## <u>Analysis</u>

Defendants PRPA and Cordero have filed poorly-drafted motions to dismiss.  The movants, Defendants PRPA and Cordero, do not clearly articulate the basis for their motions to dismiss. <u>Docket Document Nos. 7, 23</u>.  According to the rules of court, "[a]ll motions shall state with particularity the grounds therefor and shall set forth the relief or order sought. Motions shall be accompanied by a brief which shall contain a concise statement of reasons in support of the motion, and citations of authorities upon which the movant relies." D.P.R. Loc. R. 311.2.  Because Defendants do not set forth the basis for the pending  motions, we conclude that Defendants Cordero and PRPA are in violation of the local rules.  Without further information, we are unable to evaluate Defendants' arguments in light of the appropriate standard for dismissal.

If Defendants PRPA and Cordero are arguing that this court should dismiss Plaintiffs' claims for failure to state a claim upon which relief can be granted, the applicable standard can be found in Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>See</u> FED. R. CIV. P. 12(b)(6).  Under Rule 12(b)(6), a defendant may move to dismiss an action against him based solely on the pleadings for the plaintiff's "failure to state a claim upon which relief can be granted . . . ."

Civil No. 98-1894 (JAF)                                                    -6-

*Id.* In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." Wash. Legal Found. v. Mass Bar Found., 923 F.2d 962, 971 (1st Cir. 1993); see also Coyne v. City of Somerville, 972 F.2d 440, 442-443 (1st Cir. 1993). We then determine whether the plaintiff has stated a claim under which relief can be granted.

If Defendants are arguing that this court lacks subject matter jurisdiction, the proper standard is found in Rule 12(b)(1) of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 12(b)(1). In assessing a motion to dismiss for lack of subject matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (citing Royal v. Leading Edge Prods., Inc., 833 F.2d 1 (1st Cir. 1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. See Land v. Dollar, 330 U.S. 731, 734-35 (1947); Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996) (citation omitted).

If, however, Defendants are arguing for summary judgment, the correct standard is laid out in Rule 56 of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 56. A district court should grant a

Civil No. 98-1894 (JAF)                                            -7-

motion for summary judgment "if the pleadings, depositions, and answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgement as a matter of law."  FED. R. CIV. P. 56(c); see Lipsett v. Univ. of P.R., 864 F.2d 881, 894 (1st Cir. 1988).  A factual dispute is "material" if it "might affect the outcome of the suit under the governing law," and "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## III.

## Conclusion

We **DENY** without prejudice both motions to dismiss filed by Defendants PRPA and Cordero. Docket Document No. 7, 23.  Movants have **ten (10) days** from the date this Opinion and Order is entered into the record to file a properly drafted, supported motion in accordance with Local Rule 311.2. D.P.R. LOC. R. 311.2.  Similarly, any opposition motion must contain properly drafted, well-supported arguments applying the appropriate standard.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this *11th* day of October, 2001.

JOSE ANTONIO FUSTE
U. S. District Judge

AO 72
(Rev 8/82)