IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRACE GONZALEZ GARCIA, ET AL<br><br>Plaintiffs<br><br>v.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL<br><br>Defendants | CIVIL NO. 98-1894 (JAF)<br><br>Taxation of Costs |

**TAXATION OF COSTS**

Before the Clerk in the above-captioned case is co-defendant Puerto Rico Electrical Power Authority's (hereinafter referred to as "PREPA") unopposed Bill of Costs (Docket No. 79).

On July 16, 2002, an opinion an order was entered granting summary judgment in favor of PREPA (Docket No. 70). Accordingly, PREPA moved for taxation of costs and seeks recovery of the following items of costs: (1) fees of the court reporter - $995.00; (2) exemplification and copies of papers - $80.30; and (3) translation of documents - $379.00 (Docket No. 79).

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1)   Fees of the clerk and marshal;

(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

Civil No. 98-1894 (JAF)                            Page -2-

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bill of costs and the record, makes the following determinations.

**Fees of the Court Reporter.** PREPA seeks recovery of $995.00 for the depositions of Grace Gonzalez and Jorge Bracero. "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985).

Civil No. 98-1894 (JAF)                                                                                                    Page -3-

The invoice submitted by PREPA to substantiate this expense shows the following:

| | |
|---|---:|
| Court reporter appearance fee | $    70.00 |
| Transcription services [Grace Gonzalez (135 pages x $6.00 = $810.00); Jorge Bracero (16 pages x $6.00 = $96.00] | 906.00 |
| Photocopies of exhibits | 12.00 |
| Delivery service | 7.00 |
| Total deposition expense | $   995.00 |

Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, Chris Craft Corp., 770 F.2d at 249; United States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); Donnelly v. Rhode Island Board of Governors for Higher Education, 946 F. Supp. 147, 151 (D.R.I. 1996).

> ... if a deposition is not introduced into evidence or used at trial, it is within the discretion of the district court to tax deposition costs if special circumstances warrant it... This Court refined this standard further when it held that for depositions not used at trial, the determining factor is whether the deposition reasonably seemed necessary at the time it was taken. Puerto Rico Ports Authority, 193 F.R.D. at 38 (quotations and citations omitted).

The record shows that Grace Gonzalez' deposition was used in connection with PREPA's successful motion for summary judgment. Therefore, the amount of $880.00 for the court reporter fees and transcript of said deposition are taxed as costs. It appears from the record that Jorge Bracero's deposition was not included with PREPA's motion for summary judgment. PREPA also failed to explain how said deposition seemed necessary at the time it was taken. Thus, the amount of $96.00 is denied without prejudice.

Civil No. 98-1894 (JAF)                                                                                          Page -4-

The next item to be discussed is the claim of $12.00 for photocopies of exhibits included in Grace Gonzalez' deposition transcript. 28 U.S.C. § 1920 (4) allows the taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Usually, this item includes the cost of a copy of a document introduced into evidence in lieu of the original, copies attached as exhibits to a document necessarily filed and served to the other parties, or are "reasonably necessary to the maintenance of the action." Rodriguez Garcia v. Davila, 904 F. 2d 90, 100 (1st Cir. 1990). After reviewing the record, it appears that the exhibits contained in the deposition transcript were not included in PREPA's motion for summary judgment. PREPA also failed to explain how said documents were necessary for the case. Thus, this expense is disallowed without prejudice.

PREPA also claims the reimbursement of $7.00 for delivery service related to the abovementioned deposition. Said reimbursement is disallowed in view of the Court's holding that "[m]essenger services, faxes, telephone charges, postage, stamps, parking and Westlaw charges are all out-of-pocket expenses and, therefore, not recoverable." Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 783 (D.P.R. 1997) citing, Riofrio Anda v. Ralston Purina Co., 772 F. Supp. 46, 54 (D.P.R. 1991), aff'd on other grounds, 959 F. 2d 1149 (1st Cir. 1992) and In re San Juan Dupont Plaza Hotel Fire Litigation, 994 F. 2d 956, 964 (1st Cir. 1993).

**Fees for Exemplification and Copies.** PREPA also seeks reimbursement of $80.30 (803 copies x 10¢) for photocopies of documents filed with the Court and submitted to plaintiffs. The cost of photocopying documents necessarily obtained for use in a case

Civil No. 98-1894 (JAF)                                                                                      Page -5-

are taxable under 28 U.S.C. § 1920 (4). It is the policy of the Office of the Clerk to allow recovery of ten cents (10¢) per copy for those documents which are introduced as evidence at trial, or attached as an exhibit to a pleading that has been filed and served upon the opposing party. "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." Davis, 87 F. Supp. 2d at 88, citing Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is also the policy of the Clerk of Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter." Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir.).

The Clerk finds that the amount claimed by PREPA is reasonable and consistent with the case. Therefore, the amount of $80.30 is taxed as costs.

**Translation Costs**. PREPA claims $379.00 for the certified translation of documents filed with the Court. Former Local Rule 108.1 required litigants to submit certified translations of any document not in the English language to be used as evidence. Reasonable costs for the translation of documents to comply with Local Rule 108.1 will be allowed if the documents are shown to be relevant to the litigation. See, Puerto Rico Ports Authority, 193 F.R.D. at 38. PREPA substantiated this expense as required by the Taxation of Costs Guidelines. See, Taxation of Costs Guidelines, Section C. 1 (March 1997). Thus, the amount of $379.00 for translation services is taxed as costs.

WHEREFORE, a total amount of $1,339.30 is taxed as costs to PREPA in the above-captioned case. PREPA may, within ten (10) days from the date of receipt of the

Civil No. 98-1894 (JAF)                                                                                      Page -6-

taxation of costs, substantiate those claims disallowed without prejudice.  Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days thereafter.

   IT IS SO ORDERED.

   In San Juan, Puerto Rico, this 28th day of January, 2005.

                              FRANCES RIOS DE MORAN
                              CLERK OF COURT


                              s/ Angel A. Valencia-Aponte
                              Angel A. Valencia-Aponte, Esq.
                              Chief Deputy Clerk